IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VERNON DWYER,
    Plaintiff,

vs.                                    Case No. 3:11cv337/MCR/CJK

OFFICE OF CRIMINAL CONFLICT
AND CIVIL REG'L COUNSEL, et al.,
    Defendants.

---

REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Vernon Dwyer ("Dwyer"), a *pro se* prisoner currently detained in the Santa Rosa County Jail ("jail"), initiated this lawsuit on July 18, 2011. (Doc. 1). Plaintiff, who was the subject of no fewer than three state criminal prosecutions at the time he filed the instant complaint, seeks appointment of new defense counsel and a continuance of those prosecutions to allow new counsel to prepare for trial.[1] (Doc. 1, p. 7). Plaintiff names as defendants the state of Florida's Office of Criminal Conflict and Civil Regional Counsel for the First District ("OCCCRC"), Assistant

---

[1] Plaintiff does not identify which trial in particular he would like continued, or specify the nature of the three prosecutions to which he refers. The case numbers corresponding with those trials are 98-511, 98-475, and 98-697. (Doc. 1, p. 5).

Regional Conflict Counsel Bryan D. McLeod ("McLeod"), and Regional Conflict Counsel Jeffrey E. Lewis ("Lewis").  (Doc. 1, pp. 1-2).

The chronology of relevant events as set out in this complaint begins in or around July 2010, when McLeod informed Dwyer by letter that the former would serve as the latter's defense counsel for the pending criminal prosecutions referenced above.  (Doc. 1, p. 5).  In August of that year, Dwyer addressed a letter to McLeod, requesting that his attorney meet with him at the jail.  (Doc. 1, p. 5).  Dwyer stressed in the letter that his cases were complex and thus that it would be imperative to discuss them in person.  (Doc. 1, p. 5).  McLeod did not respond to the letter.  (Doc. 1, p. 6).

On January 6, 2011, Dwyer, despite never having discussed the matter with McLeod, was sentenced in case number 98-511.  (Doc. 1, pp. 5-6).  Dwyer wrote to Lewis two days later, explaining that he had received an illegal sentence and that he was not satisfied with McLeod's representation.  (Doc. 1, p. 5).  Further, Dwyer asked McLeod to appeal his sentence.  (Doc. 1, p. 5).  Notwithstanding Dwyer's request, McLeod did not file a notice of appeal.  (Doc. 1, p. 6).  On February 22, 2011, Dwyer moved in the circuit court to discharge McLeod as legal counsel.  (Doc. 1, p. 5).  The court ruled that if McLeod was to be discharged, Dwyer would have no choice but to proceed in his criminal defense *pro se*.[2]  (Doc. 1, p. 5).  Six days later, McLeod

---

[2] A hearing was held pursuant to *Nelson v. State*, wherein a Florida appellate court established the right of an indigent criminal defendant seeking to discharge court-appointed counsel to a hearing on the reason for the discharge request:

> [W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge.

visited Dwyer at the jail for the first time, assuring his client that he would render "better" representation going forward. (Doc. 1, p. 6). By letter dated March 19, 2011, Dwyer requested that McLeod forward to him various documents, statutes, and the 1997 version of the U.S. SENTENCING GUIDELINES MANUAL, pursuant to which Dwyer was sentenced in January 2011. (Doc. 1, p. 5). McLeod offered no response to this inquiry. (Doc. 1, p. 6).

Dwyer wrote to the State Attorney on April 25, 2011, informing him that McLeod was responsible for the delay in his case, and that defense counsel had not responded to his most recent inquiry. (Doc. 1, p. 5). Enclosing a copy of the March 19, 2011, letter addressed to McLeod, Dwyer asked the State Attorney to forward him a copy of the information pursuant to which he had been criminally charged. (Doc. 1, p. 5). The State Attorney did not respond. (Doc. 1, p. 6). On May 5, 2011, substitute counsel from OCCCRC appeared in court on Dwyer's behalf, and his case was continued until July 7, 2011. (Doc. 1, p. 5). Nevertheless, McLeod appeared at the jail with an investigator on July 6, 2011, telling Dwyer that he intended to seek an additional continuance because he was not prepared for trial. (Doc. 1, p. 6). The following day, McLeod requested a continuance in case number 98-475, explaining to the court that he been representing Dwyer in that matter for one year, that he was not prepared to proceed with trial, and that he had not engaged in discovery or discussed the case with his client. (Doc. 1, p. 6). The court denied the motion to continue, setting a trial date of August 1, 2011; case number 98-697, however, was continued until September 2011. (Doc. 1, p. 6).

Based on the foregoing, plaintiff asserts claims against the named defendants

---

*See* 274 So. 2d 256, 258 (Fla. 4th DCA 1973). Dwyer did not prevail in his *Nelson* hearing. (Doc. 1, p. 6).

*Case No: 3:11cv337/MCR/CJK*

for violations of his rights to counsel and to due process, as guaranteed by the Sixth and Fourteenth Amendments to the Constitution, respectively.[3] (Doc. 1, p. 7). Citing McLeod's ineffective representation, plaintiff seeks the appointment of "competent" counsel, and a continuance to allow such a new attorney to prepare for trial.[4] Plaintiff requests no money damages.

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded

---

[3] Under the section of the civil rights complaint form titled, "Statement of Claims," plaintiff, in essence, asserts only that defendants violated his rights under the Sixth and Fourteenth Amendments, but does not identify which rights he believes defendants infringed. In accordance with the directive to read the allegations of *pro se* plaintiffs in a liberal fashion, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court infers from the statement of facts that plaintiff intends to assert violations of the rights described above.

[4] Plaintiff also seeks an order directing replacement counsel to file "the proper pretrial motion . . . with the court . . . ." (Doc. 1, p. 7). Significantly, plaintiff does not describe in even the most general terms the intended content of such motion or the end to which he believes it should be applied.

do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim, because plaintiffs had "not nudged their claims across the line from conceivable to plausible"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Under FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court reiterated in *Iqbal*, 129 S. Ct. at 1949, although RULE 8 does not require detailed factual allegations, the rule does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *See id.* Rather, the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible . . . ." *See Twombly*, 550 U.S. at 555, 570.

A complaint is also subject to dismissal for failure to state a claim when the allegations—on their face—show that an affirmative defense bars recovery on the claim. *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

*Appointed Counsel and the "Under Color of Law" Element*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, a jurisdictional grant to federal courts for claims arising under the Constitution or federal law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). "In order to sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Dollar v. Haralson Cnty., Ga.*, 704 F.2d 1540, 1542-43 (11th Cir. 1983); *see also Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) ("To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (holding that plaintiff attempting to raise successful § 1983 claim must show he "was deprived of a federal right by a person acting under color of state law"). "These two elements are jurisdictional requisites for a [§] 1983 action." *Nail v. Cmty. Action Agency of Calhoun Cnty.*, 805 F.2d 1500, 1501 (11th Cir. 1986). As such, a civil rights complaint under § 1983 must be dismissed if the court finds no state action, or action under color of law. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Here, plaintiff brings suit against OCCCRC and two of its attorneys. In *Polk County v. Dodson*, 454 U.S. 312 (1981), "the question was whether a public defender acts 'under color of' state law within the meaning of . . . § 1983 when representing an indigent defendant in a state criminal proceeding." *See Blum v. Yaretsky*, 457 U.S. 991, 1009 (1982) (discussing the significance of *Dodson*). "Although the public defender was employed by the State and appointed by the State to represent the respondent," *id.*, the Court concluded that "[t]his assignment entailed functions and obligations in no way dependent on state authority," *see Dodson*, 454 U.S. at 318. Framing the decisions made by the public defender in the course of representing his client as a function of "professional canons of ethics, rather than dictated by any rule of conduct imposed by the State," *see Blum*, 457 U.S. at 1009, the Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Dodson*, 454 U.S. at 325. Speaking more broadly in *Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009), the Court explained that "[u]nlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."

Plaintiff's claims against McLeod are based on allegations that during his representation of plaintiff in the three criminal proceedings identified above, conflict counsel failed to communicate with Dwyer, engage in discovery or take depositions, or generally prepare for trial. Presumably, plaintiff's claims against Lewis and OCCCRC, as an agency, are grounded in a theory of supervisory liability, as plaintiff does not allege that either such defendant participated personally in his legal representation. Given the foregoing authorities, and the inescapable conclusion as to the functional and legal equivalency of the state public defender to state conflict counsel, the defendants named in the instant civil rights complaint did not act under

color of law when they represented plaintiff in his various criminal proceedings. Consequently, the instant civil rights complaint, whose claims fail to satisfy one of the jurisdictional requisites to a § 1983 action, must be dismissed for failure to state a claim upon which relief may be granted.  Moreover, plaintiff's claims against OCCCRC and Lewis would fail irrespective of the state action requirement, because allegations grounded in a theory of vicarious liability are recognized under § 1983 only in limited circumstances, none of which obtain here.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 n.58 (1978) ("[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." (*citing Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976))); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.") (internal quotation marks and citation omitted); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.") (citations omitted).

Regarding the "under color of law" element, the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") has relied consistently on *Dodson* to deny the viability of § 1983 claims against state public defenders performing traditional legal functions.  *See, e.g., Ganstine v. Williams*, No. 11–15240, 2012 WL 1352943, at *2 (11th Cir. April 19, 2012) (denying viability of § 1983 claim against public defender on grounds that he "was not acting under color of state law when he served  as [plaintiff's] trial counsel"); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006)

(declining to find that public defender acted under color of state law for purposes of § 1983 claim, where she performed only "traditional lawyer functions in her representation of [plaintiff]"); *Wilson v. Dollar-Thrifty Auto Group-South Fla. Transp.*, 286 F. App'x 640, 642 (11th Cir. 2008) (affirming dismissal of arrestee's § 1983 claims against public defender Torres, because arrestee "failed to demonstrate Torres acted under color of state law in her capacity as public defender"); *Moore v. Bargstedt*, 203 F. App'x 321, 323 (11th Cir. 2006) (holding that decision of plaintiff's state-appointed public defenders not to challenge validity of second prosecution could not be considered action under color of state law, because such a decision "represents the exercise of their independent professional judgment"). Likewise, this court has not only treated state public defenders performing traditional legal functions as private individuals under § 1983, *see McCray v. Komisar*, No. 4:11cv607–SPM/WCS, 2012 WL 858597, at *1 (N.D. Fla. Feb. 10, 2012) ("The actions of persons who were charged with representing Plaintiff against criminal charges brought by the State of Florida are the actions of a private party . . . ."), but has also extended the reach of this principle to encompass the "traditional lawyer functions" of conflict counsel, *see Desalvo v. Public Defender's Office*, No. 3:11cv420/RV/CJK, 2011 WL 5025980, at *2 (N.D. Fla. Sept. 20, 2011) (dismissing plaintiff's § 1983 claims against state-appointed conflict counsel and holding that counsel did not did not act under color of state law when he allegedly failed to communicate with plaintiff and waived his right to speedy trial).

Having failed to allege that any of the named defendants did anything other than provide traditional legal services, plaintiff cannot proceed in this § 1983 cause of action. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("[T]he under-color-of-state-law element of § 1983

excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))). Under the cases noted above, the acts of these defendants must be viewed as the acts of private parties. The Eleventh Circuit has employed three distinct tests in determining whether the actions of a private party, such as plaintiff has sued here, are properly attributed to the state. *See id.* (articulating the standards defining the public function test, the state compulsion test, and the nexus/joint action test). To hold a private party liable as a state actor, the court must conclude that one of the following three conditions is met:

> (1) [T]he State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private [party] performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (*quoting NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). Here, plaintiff does not assert that defendants' actions are properly attributable to the state under either the public function, state compulsion, or nexus/joint action test, and the factual basis for the complaint, as set out by plaintiff, does not permit that inference. Instead, the actions described are quite plainly the traditional lawyer functions of defense counsel. In sum, plaintiff's failure to demonstrate action under color of law necessitates dismissal of the instant complaint.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Nevertheless, the court need not "allow an amendment (1)

where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff, having brought suit under § 1983 against McLeod and Lewis, two private individuals, and against OCCCRC, a private entity, can assert no facts such as might satisfy the jurisdictional requisite of state action. In other words, amendment would be futile in this instance.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 30th day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:11cv337/MCR/CJK*